IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROYAL TRACTOR COMPANY, INC., ) | Case No. 15-22405 |
| ) | CHAPTER 11 |
| DEBTOR. ) | |
| ) | |

**MOTION FOR APPROVAL OF PRELIMINARY ORDER
PURSUANT TO 11 U.S.C. § 363 AND FED. R. BANKR. PROC. 4001
CONCERNING THE USE OF CASH COLLATERAL AND PROVIDING
FOR ADEQUATE PROTECTION AND RELATED MATTERS**

COMES NOW, Royal Tractor Company, Inc., Debtor and Debtor-in-Possession herein, by and through counsel, Colin N. Gotham of Evans & Mullinix, P.A., moves the court for entry of a preliminary order authorizing the Debtor's use of cash collateral. In support hereof, the Debtor presents the following:

1. On the 17th day of November, 2015, Royal Tractor Company, Inc. (hereinafter "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2. Debtor is a manufacturing company located at 109 Overland Park Place, New Century, KS 66031.

3. At the time of the filing, Debtor had cash and bank balances of approximately $29,000.00, and account receivables of approximately $56,000.00 as detailed in Schedule B.

4. Upon information and belief, Debtor is indebted to Bank of the Prairie. Debtor also is indebted to Internal Revenue Service (hereinafter "IRS") pursuant to recorded liens. While Debtor has not fully analyzed Bank of the Prairie's loan documents and IRS's liens,

Debtor does believe Bank of the Prairie and IRS hold duly perfected liens on Debtor's accounts receivable. Debtor's cash generated from the collection of pre-petition accounts receivable is therefore "cash collateral" as defined by 11 U.S.C. § 363(a).

5. Debtor has attached a preliminary budget hereto as Exhibit 1.

6. Debtor has been in the process of discussing the sale of the business with three companies and believes it will enter into the sale of substantially all of the assets of the Debtor within the next 30 days.

7. Debtor proposes providing Bank of the Prairie and the IRS with replacement liens in post-petition accounts receivable in an amount equal to but not to exceed the cash collateral used and to the extent that use of cash collateral results in any decrease in the aggregate value of Bank of the Prairie's and the IRS's liens on Debtor's property on the Petition Date. Debtor asserts that this post-petition grant of a security interest in accounts receivable will provide adequate protection to the Bank of the Prairie and the IRS.

8. Debtor has attached a proposed Order as Exhibit 2.

WHEREFORE, Debtor prays for entry of an order authorizing the post-petition use of cash collateral, the granting of a limited post-petition lien in favor of the Bank of the Prairie and IRS in an amount equal to the cash collateral and inventory used, and for such other and further relief as the court deems proper in the premises.

Respectfully Submitted:
EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS #
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (FAX)
@emlawkc.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2015, a true and correct copy of the above Motion was electronically filed with the court using the CM/ECF system which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that copies of the Motion were forwarded via U.S. Mail, first class, postage prepaid and properly addressed to the following:

Timothy H. Girard
Woner, Glenn, Reeder & Girard, P.A.
5611 SW Barrington Ct S.
Topeka, KS 66614-2489


Christopher Allman
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, KS 66101-2433


                                            *s/ Colin N. Gotham*
                                            Colin N. Gotham

# EXHIBIT 1

# ROYAL ESTIMATED BUDGET
## 11/4/2015

| NOVEMBER 2015 | | | |
|---|---|---|---|
| BEGINNING CASH | | | $21,800.00 |
| INCOME | Parts Sales | $86,000.00 | |
| | Machine Sales | $0.00 | $86,000.00 |
| EXPENSES | Material | $21,500.00 | |
| | Salary & Wages | $34,000.00 | |
| | Taxes | $8,000.00 | |
| | Telephone | $1,850.00 | |
| | Rent | $7,500.00 | |
| | Insurance | $5,100.00 | |
| | Trash | $150.00 | |
| | Auto Expense | $510.00 | |
| | Storage | $200.00 | |
| | Leases | $650.00 | |
| | Bank Charges | $1,400.00 | |
| | Supplies | $2,000.00 | |
| | US Trustee | $1,000.00 | |
| | Accounting | $200.00 | |
| | | | $84,060.00 |
| ENDING BALANCE - NOVEMBER | | | $23,740.00 |

| DECEMBER 2015 | | | |
|---|---|---|---|
| BEGINNING CASH | | | $23,740.00 |
| INCOME | Parts Sales | $82,000.00 | |
| | Machine Sales | $0.00 | $82,000.00 |
| EXPENSES | Material | $17,000.00 | |
| | Salary & Wages | $39,000.00 | |
| | Taxes | $8,000.00 | |
| | Telephone | $1,850.00 | |
| | Rent | $7,500.00 | |
| | Insurance | $5,100.00 | |
| | Trash | $150.00 | |
| | Auto Expense | $510.00 | |
| | Storage | $200.00 | |
| | Leases | $650.00 | |
| | Bank Charges | $1,400.00 | |
| | Supplies | $2,000.00 | |
| | US Trustee | $1,000.00 | |
| | Accounting | $200.00 | |
| | | | $84,560.00 |
| ENDING BALANCE - NOVEMBER | | | $21,180.00 |

| JANUARY 2016 | | | |
|---|---|---|---|
| BEGINNING CASH | | | $21,180.00 |
| INCOME | Parts Sales | $74,000.00 | |
| | Machine Sales | $0.00 | $74,000.00 |
| EXPENSES | Material | $18,500.00 | |
| | Salary & Wages | $34,000.00 | |
| | Taxes | $3,000.00 | |
| | Telephone | $1,850.00 | |
| | Rent | $7,500.00 | |
| | Insurance | $5,100.00 | |
| | Trash | $150.00 | |
| | Auto Expense | $510.00 | |
| | Storage | $200.00 | |
| | Leases | $650.00 | |
| | Bank Charges | $1,400.00 | |
| | Supplies | $2,000.00 | |
| | US Trustee | $1,000.00 | |
| | Accounting | $200.00 | |
| | | | $76,060.00 |
| ENDING BALANCE - DECEMBER | | | $19,120.00 |

RAH  12:03 PM

Case 15-22405    Doc# 4    Filed 11/17/15    Page 5 of 10

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROYAL TRACTOR COMPANY, INC., ) | Case No. 15-22405 |
| ) | CHAPTER 11 |
| DEBTOR. ) | |
| _____) | |

**INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)**
(Related Docket No. ___ )

On the ____ day of November, 2015, the Court conducted a hearing on Debtor's Motion to Use Cash Collateral. Colin N. Gotham of Evans & Mullinix, P.A. appeared on behalf of Royal Tractor Company, Inc., the Debtor. Timothy H. Girard appeared on behalf of Bank of the Prairie. Christopher Allman, Assistant United States Attorney, appeared for the Internal Revenue Service.

00687123 2

WHEREUPON, having considered the statements of counsel, the file and evidence before it, the Court finds as follows:

1. On the 17th day of November, 2015 ("the Petition Date") Royal Tractor Company, Inc. filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor remains as Debtor-in-Possession.

2. Debtor continues to operate its businesses and manage its property as Debtor-in-Possession.

3. Debtor is indebted to the IRS and Bank of the Prairie which hold a security interest in real property owned by the Debtor and liens upon Debtor's account receivables and future rents, as more fully described in the Loan Documents (collectively "**the Collateral**"). Debtor's cash, inventory, future rents and account receivable constitute Cash Collateral as defined in 11 U.S.C. § 363(a).

4. Debtor has no source of income other than from the operation of its businesses and the collection of its accounts. If Debtor is not permitted to use cash collateral in the ordinary course of its business, it will be unable to pay it operating and business expenses, thus effectively precluding reorganization and causing imminent and irreparable harm to its Bankruptcy Estate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Debtor shall be and hereby is granted post-petition use of cash collateral, the granting of a limited post-petition lien in favor of the IRS and Bank of the Prairie in an amount equal to the cash collateral and inventory used.

IT IS FURTHER ORDERED that this Interim Order shall expire unless extended by further order of the Court or by express written consent of the Internal Revenue Service and Bank of the Prairie.

IT IS FURTHER ORDERED that the provisions of this interim Order shall be binding upon and inure to the benefit of Bank of the Prairie and Debtor, and their respective successors and assignees (including without limitation any Chapter 11 or Chapter 7 trustee, examiner or other fiduciary hereafter appointed for Debtor or with respect to any of Debtor's property).

IT IS FURTHER ORDERED that this Interim Order shall become effective and enforceable upon approval and entry as an Order of the Bankruptcy Court. If any provision of this Interim Order is modified, vacated or stayed by a subsequent Order of the Court, such modification, vacation or stay shall not affect the validity of any obligation or liability incurred pursuant to this Interim Order and prior to the effective date of such modification, vacation or stay.

IT IS FURTHER ORDERED that a final hearing on Debtor's Motion shall be conducted on the _____ day of _____, 2015 at _____ __m.

IT IS FURTHER ORDERED that Debtor shall, within two (2) business days after entry of this Interim Order, provide notice of entry of this Interim Order and mail copies of this Interim Order to the twenty (20) largest unsecured creditors and any party who has requested notice and does not receive such notice electronically. Said Notice shall state that objections to the relief granted by the Interim Order shall be in writing and shall be filed with the United States Bankruptcy Clerk for the District of Kansas on or before _____, 2015 ("**the Objection Deadline**"). Any objections which are not filed by the Objection Deadline shall be deemed

00687123 2                                           3

Case 15-22405    Doc# 4    Filed 11/17/15    Page 9 of 10

waived. Any party who has filed an objection but fails to appear at the hearing shall be deemed to have withdrawn its objection.

    IT IS SO ORDERED.

###

Submitted by:

EVANS & MULLINIX, P.A.

*/s/ Colin N. Gotham*
Colin N. Gotham, KS#19538, MO#52343
7225 Renner Road, Suite 200
Shawnee, KS 66217
(913) 962-8700; (913) 962-8701 (Fax)
cgotham@emlawkc.com
*Attorneys for Debtor*

00687123 2    4

Case 15-22405    Doc# 4    Filed 11/17/15    Page 10 of 10